1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 11 | KENDRA YEANTH HERNANDEZ, | ) Case No.: 1:15-cv-01011- JLT |
| 12 | Plaintiff, | ) <br> ) ORDER DIRECTING CLERK TO ISSUE <br> ) SUMMONS AND SOCIAL SECURITY CASE |
| 13 | v. | ) DOCUMENTS <br> ) |
| 14 | CAROLYN W. COLVIN, | ) <br> ) ORDER DIRECTING UNITED STATES |
| 15 | Acting Commissioner of Social Security, | ) MARSHAL FOR SERVICE OF THE FIRST <br> ) AMENDED COMPLAINT |
| 16 | Defendant. | ) |
| 17 | | ) |

18    Plaintiff Kendra Yeanth Hernandez is proceeding *in forma pauperis* with an action for judicial

19  review of a determination of the Social Security Administration.  Previously the Court determined that

20  it appeared the statute of limitations may have run on the request for review, and dismissed the

21  complaint with leave to amend.  (Doc. 7)  On September 1, 2015, Plaintiff filed a first amended

22  complaint.  (Doc. 8)  As discussed below, the Court finds service of the amended complaint is

23  appropriate.  In ordering service of the first amended complaint the Court does not resolve whether the

24  complaint is timely but preserves the issue for the parties to address in their briefs.

25  **I.      Screening Requirement**

26    When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and

27  shall dismiss the case at any time if the Court determines that the action is "frivolous, malicious or

28  fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant

1  who is immune from such relief."  28 U.S.C. 1915(e)(2).  The Court must screen the First Amended

2  Complaint because an amended complaint supersedes the previously filed complaint.  *See Forsyth v.*

3  *Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

4  **II.      Pleading Standards**

5         General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A

6  pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the

7  claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may

8  include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).

9         A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and

10  succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The

11  purpose of the complaint is to give a defendant fair notice of the claims against him, and the grounds

12  upon which the action stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme

13  Court noted:  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of

14  a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of

15  further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks,

16  citations omitted).  Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of*

17  *Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  When factual allegations are well pleaded, a court should

18  assume their truth and determine whether the facts would make the plaintiff entitled to relief;

19  conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*  Leave to amend a

20  complaint should be granted where deficiencies can be cured by an amendment.  *Lopez v. Smith*, 203

21  F.3d 1122, 1127-28 (9th Cir. 2000).

22  **III.     Discussion and Analysis**

23         Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability

24  benefits.  (Doc. 4.)  The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides

25  in relevant part:

26         Any individual, after any final decision of the Commissioner made after a hearing to
          which he was a party, irrespective of the amount in controversy, may obtain a review of
27         such decision by a civil action commenced **within sixty days after the mailing to him
          of such decision or within such further time as the Commissioner may allow**. Such
28         action shall be brought in the district court of the United States for the judicial district
          in which the plaintiff resides, or has his principal place of business . . . The court shall

2

have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* (emphasis added).  Except as provided, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency."  42 U.S.C. § 405(h).  These regulations "operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner."  *Cogburn v. Astrue*, 2013 U.S. Dist. LEXIS 152351, at * 5 (E.D. Cal. Oct. 29, 2010) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Vernon v. Heckler,* 811 F.2d 1274, 1277 (9th Cir.1987)).

Here, Plaintiff alleges that the Appeals Council denied her request for review on April 21, 2015, at which time the decision of the administrative law judge became the decision of the Commissioner. (Doc. 8 at 2) Therefore, Plaintiff's request for review would be due within 65 days of the date of Appeal's Council's notice, or no later than June 5, 2015. *See* 42 U.S.C. §405(g) (noting that a claimant is "presumed" to have received the notice of denial within "5 days after the date of such notice"). However, Plaintiff did not initiate this action until July 5, 2015.  Thus, it appears the statute of limitations may have run on the request for review.  *See, e.g., Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming judgment in favor of Commissioner where the claimant missed the statute of limitations by one day).

Plaintiff reports, "The original complaint was filed on July 5, 2015 on the basis of an inadvertent and erroneous calculation of statutory deadlines based on the 'received' stamp date of April **29**, 2015." (Doc. 8 at 3, emphasis in original)  However, it is unclear who "received" the notice from the Appeals Council, who stamped the document or when it was stamped in relation to when it was actually received.  Without further information, the Court is unable to determine that Plaintiff has rebutted the statutory presumption that she received the Appeals Council's notice within five days of its mailing.  If Plaintiff successfully rebuts the presumption, the burden shifts to the Commissioner to establish that Plaintiff received actual notice within the 65 days.  *Orozco v. Astrue*, 2012 U.S. Dist. LEXIS 137733 at *8 (E.D. Cal. Sept. 25, 2012) (citing *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984)

///

3

**IV.     Conclusion and Order**

Given the lack of clarity regarding when Plaintiff received the Appeals Council's notice and whether the statute of limitations bars her request for judicial review, the Court finds service of the first amended complaint is appropriate for the Commissioner to have an opportunity to respond to the allegations presented.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1.     The Clerk of Court is DIRECTED to issue summons as to the defendant, Carolyn Colvin, Acting Commissioner of Social Security;

2.     The Clerk of Court is DIRECTED to issue and serve Plaintiff with Social Security Case Documents, including the Scheduling Order, Order regarding Consent, the Consent Form, and USM-285 Forms;

3.     Plaintiff **SHALL** complete and submit to the Court the "Notice of Submission of Documents in Social Security Appeal Form;" and

4.     The U.S. Marshal is DIRECTED to serve a copy of the First Amended Complaint (Doc. 8), summons, and this order upon the defendant as directed in the USM Forms.

IT IS SO ORDERED.

Dated:   __September 10, 2015__          _____/s/ Jennifer L. Thurston__
                                                    UNITED STATES MAGISTRATE JUDGE